UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WHITE, CDCR #G-37720, <br><br> Plaintiff, <br><br> vs. <br><br> W.L. MONTGOMERY, Warden, <br><br> Defendant. | Case No.: 3:18-cv-00877-CAB-PCL <br><br> **ORDER:** <br><br> **1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]** <br><br> **AND** <br><br> **2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

LARRY WHITE ("Plaintiff"), a prisoner incarcerated at Calipatria State Prison ("CAL"), and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on May 3, 2018. *See* Compl., ECF No. 1.

Plaintiff claims his due process rights were violated in October 2017 when CAL officials opened legal mail addressed to him from the California Court of Appeal outside his presence. *Id.* at 3. Plaintiff seeks $7 million in general and punitive damages from Warden Montgomery as a result, because he is "legally responsible for the operation of [CAL] and for the welfare of all [its] inmates." *Id.* at 2, 7.

Plaintiff did not prepay the filing fee required to commence a civil action at the time he filed his Complaint; instead, he has filed a Motion for Leave to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

**I.    Motion to Proceed IFP**

   A.    <u>Standard of Review</u>

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face … additional hurdle[s]." *Id.*

Specifically, in addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B. <u>Discussion</u>

As an initial matter, the Court has reviewed Plaintiff's Complaint, and finds it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, Plaintiff concedes he has already "accumulated at least three strikes." *See* Compl., ECF No. 1 at 5.[1]

---

[1] While Plaintiff also notes he "is suffering from Hepatitis C," and attaches a medical document indicating he was evaluated for a "PCP consult" on January 22, 2018, prescribed ear drops, and recommended for a follow-up appointment in "4-5 months," *see* ECF No. 1 at 5, 19-22, his Complaint includes no plausible allegation as to how his Hepatitis C diagnosis or hearing loss in January 2018 posed an "ongoing" or "imminent" danger of serious physical injury to him at the time he filed his Complaint four months

3
3:18-cv-00877-CAB-PCL

Moreover, the sole basis for Plaintiff's suit is that an unidentified CAL official opened mail addressed to him from the California Court of Appeal in October 2017, and outside his presence. *See* Compl., ECF No. 1 at 3. These allegations are plainly insufficient to plausibly show any ongoing or "imminent danger of serious physical injury" of any kind. *See e.g., Patu v. Dep't of Corr.*, No. C17-5940 BHS, 2018 WL 905739, at *1 (W.D. Wash. Feb. 15, 2018) (finding prisoner's claims that an "envelope containing [an] R&R (and other legal mail) was improperly opened by the prison staff … before he received it," insufficient to meet § 1915(g)'s exception for imminent danger.). And regardless of the basis for his legal claim, § 1915(g)'s exception cannot be triggered solely by a single incident of past harm. *See Cervantes*, 493 F.3d at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint."); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999); *Tierney v. Judd*, No. CIV. 13-00174 HG-RLP, 2013 WL 1668961, at *1 (D. Haw. Apr. 17, 2013).

While Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient" to show that the prior dismissals Plaintiff concedes he has accumulated, *see* Compl., ECF No. 1 at 5, satisfy "at least one of the criteria under § 1915(g) and therefore count[] as … strike[s]." *Id.* at 1120.

That is the case here.

---

later on May 3, 2018. Nor does it establish any "nexus" between his medical condition and the legal mail claims he alleges against Warden Montgomery in this suit. *See Bontemps v. Hicks*, No. 1:16-CV-01854-DAD-EPG, 2018 WL 1905648, at *5 (E.D. Cal. Apr. 23, 2018) ("[T]he complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g).") (citing *Stine v. Fed. Bureau of Prisons*, No. 1:13–CV–1883 AWI MJS, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015); *Pettus v. Morgenthau*, 554 F.3d 293, 298–99 (2d Cir. 2009)).

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Therefore, this Court finds that Plaintiff Larry White, identified as CDCR #G-37720, while incarcerated, has had at least six prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

1) *White v. Ulstad,* Civil Case No. 2:13-cv-02459-UA-VBK (C.D. Cal., West. Div., May 22, 2013 Order denying Motion to proceed IFP as frivolous, malicious, or for failure to state a claim upon which relief may be granted) (ECF No. 6) (strike one);

2) *White v. Soto*, Civil Case No. 2:13-cv-02751-UA-VBK (C.D. Cal., West Div., June 20, 2013 Order denying Motion to proceed IFP as frivolous, malicious, or for failure to state a claim upon which relief may be granted) (ECF No. 4) (strike two);

3) *White v. Board of Prison Terms,* Civil Case No. 3:13-cv-00949-SI (N.D. Cal., July 10, 2017 Order of Dismissal as barred by the statute of limitations) (ECF No. 14) (strike three);[2]

4) *White v. City and County of San Francisco,* Civil Case No. 3:15-cv-03265-JD (N.D. Cal., July 29, 2015 Order of dismissal pursuant to 28 U.S.C. § 1915A(b) with

---

[2] *See Belanus v. Clark*, 796 F.3d 1021, 1053 (9th Cir. 2007) (dismissals for failure to state a claim because claims were time-barred may be counted as strikes pursuant to 28 U.S.C. § 1915(g)).

leave to amend) (ECF No. 5);³ (N.D. Cal. Nov. 17, 2015 Order of Dismissal "for failure to state a claim" and for failing to amend in compliance with Court's prior screening order) (ECF No. 9) (strike four);⁴

5) *White v. Morse, et al.*, Civil Case No. 3:15-cv-04488-JD (N.D. Cal. Nov. 17, 2015 Order of dismissal pursuant to 28 U.S.C. § 1915A(b) with leave to amend) (ECF No. 4); (Jan, 7, 2016 Order of Dismissal pursuant to 28 U.S.C. § 1915A(b)) (ECF No. 7) (strike five); and

6) *White v. County of San Francisco*, Civil Case No. 3:17-cv-00088-JD (N.D. Cal. Feb. 26, 2017 Order Dismissing Case with prejudice for failure to state a claim per 28 U.S.C. § 1915A(b)) (ECF No. 3) (strike six).

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while

---

³ *See Washington v. Los Angeles County Sheriff's Dept.*, 833 F.3d 1048, 1056 (9th Cir. 2016) ("[O]nly a compete dismissal of an action under *Heck*—rather than the dismissal of a particular claim within that action—constitutes a strike."); *see also Debose v. Wildman*, Case No. 17-cv-03705-SI, 2018 WL 422343, at *4 (N.D. Cal. Jan. 16, 2018) ("A dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994), may constitute a strike under § 1915(g) for failure to state a claim when *Heck*'s bar to relief is obvious form the face of the complaint, *and* the entirety of the complaint is dismissed for a qualifying reason under § 1915(g).") (citing *Washington*, 833 F.3d at 1055).

⁴ *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, and (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").[5]

## II. Conclusion and Orders

For the reasons explained, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

4) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: June 15, 2018

Hon. Cathy Ann Bencivengo
United States District Judge

---

[5] In fact, Plaintiff was just recently denied leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) in the Southern District of California. *See White v. Montgomery*, S. D. Cal. Civil Case No. 3:18-cv-00576-BAS-BGS (March 27, 2018 Order) (ECF No. 4); (April 11, 2018 Order) (ECF No. 11). In that case, Judge Bashant specifically informed Plaintiff that due to his § 1915(g) bar, she would "not accept any further amended pleadings" from him and that if Plaintiff "wishe[d] to proceed with the claims … set[] forth in his Complaint or his FAC, he must file a separate action, *along with the $400 initial civil filing fee required by 28 U.S.C. § 1914(a).*" *Id.,* ECF No. 11 at 4 (emphasis added).